SCHIESEL *v.* BLUESAVAGE.

1. APPEAL AND ERROR—NONJURY CASE—PREPONDERANCE OF EVIDENCE.
   The Supreme Court does not reverse a judgment entered in nonjury law case unless the evidence clearly preponderates in the opposite direction.

2. TROVER AND CONVERSION—NONJURY CASE—FINDING OF TRIAL JUDGE—EVIDENCE.
   In nonjury action for conversion of cattle, finding of trial judge that 10 cows had been taken from plaintiff and a calf belonging to plaintiff had been kept by defendants was not against the great weight of the evidence.

Appeal from Lapeer; Des Jardins (George W.), J. Submitted April 4, 1946. (Docket No. 45, Calendar No. 43,145.) Decided May 13, 1946.

Case by Joseph Schiesel against Victor and Elizabeth Bluesavage for damages for conversion of cattle. Judgment for plaintiff. Defendants appeal. Affirmed.

*Glen Smith,* for plaintiff.

*Herbert W. Smith,* for defendant Elizabeth Bluesavage.

*Isabel D. Hannah,* for defendant Victor Bluesavage.

Bushnell, J. This is an appeal by defendants Victor and Elizabeth Bluesavage from a $600 judgment in favor of plaintiff Joseph Schiesel in a case tried without a jury. Schiesel claims that he made an oral agreement with the defendants whereby he would furnish cattle and sheep to be pastured and fed by them, and that the sale profits thereof were to be equally divided.

Schiesel purchased a number of sheep and 93 head of cattle, which were taken to the Bluesavage farm and pastured thereon. When the pasturage became inadequate and the sheep were sold, plaintiff purchased hay to feed the cattle. Later when Schiesel insisted upon performance of the agreement, its validity was denied by Elizabeth. She demanded pay for the pasturage, and a settlement was reached. At the time the settlement was made, all the cattle, except three, had been removed from the Bluesavage farm to the nearby Glen Boston farm. Some of the cattle had died, some were privately sold, and others were disposed of at auction.

Schiesel testified that some of his cattle were missing and that he afterwards discovered 14 of them on the Bluesavage farm. Elizabeth Bluesavage denied that any of the cattle on her place belonged to Schiesel. The record contains testimony of two disinterested parties who saw cattle being driven from the direction of the Boston farm to the Bluesavage farm by Victor and his brother, Tony. Victor admitted that he had conferred with the prosecuting attorney about collecting some money claimed to be due him from Schiesel and discussed the possibility of taking some of the cattle to protect his claim. From this conflicting testimony the circuit judge found that 10 cows, worth $55 each, had been taken from the Boston farm to the Blue-

savage farm by Victor and Elizabeth Bluesavage's hired man, Tony. He also stated that he was satisfied that one bull calf, valued at $50, had been kept on the Bluesavage farm when it should have been turned over to Schiesel.

The controlling question presented is that the judgment is against the great weight and preponderance of the evidence.

We have repeatedly stated that we do not reverse a judgment entered upon the determination reached by a trial judge sitting without a jury unless the evidence clearly preponderates in the opposite direction.

The judgment is affirmed, with costs to appellee.

BUTZEL, C. J., and CARR, SHARPE, BOYLES, REID, NORTH, and STARR, JJ., concurred.