### SULLIVAN v. CITY OF DETROIT.

1. DAMAGES — FACIAL SCARS — THYROID CONDITION — PROXIMATE CAUSE.

On plaintiff's appeal from judgment in her favor for $908 for injuries sustained when thrown out of door of defendant's bus, evidence failed to show she was entitled to more damages where resulting facial scar over left eye was characterized by trial court as being threadlike and apparent only upon close examination and testimony failed to establish a causal connection between her accidental injuries and her thyroid condition.

2. APPEAL AND ERROR—NONJURY CASE—PREPONDERANCE OF EVIDENCE.

The Supreme Court does not reverse a judgment entered in nonjury law case unless the evidence clearly preponderates in the opposite direction.

Appeal from Wayne; Brennan (John V.), J. Submitted October 15, 1946. (Docket No. 87, Calendar No. 43,501.) Decided December 2, 1946.

Case by Maurice Buckner Sullivan against City of Detroit, department of street railways, for injuries sustained when she was thrown from defendant's bus. Judgment for plaintiff. Plaintiff's motion for new trial denied. Plaintiff appeals. Affirmed.

*John G. Cross,* for plaintiff.

*Leo A. Sullivan (James S. Shields,* of counsel), for defendant.

DETHMERS, J. This is an action at law for damages arising out of injuries sustained by plaintiff when she was thrown out of the door of defendant's bus by reason of its negligent operation by defendant's employee. The case was tried by the court without a jury. From judgment for plaintiff in the amount of $908 and an order denying plaintiff's motion for a new trial, plaintiff appeals on the grounds that the judgment is grossly inadequate and against the great weight of the evidence.

Plaintiff testified that her injuries consisted of a cut over the left eye, a displaced vertebra, a bruised shoulder, knee, and other bruises. Her doctor testified that these injuries cleared up within four to six weeks. Her doctor bills totaled $158. In computing damages the trial court allowed for loss of earnings at a weekly rate of $53, as fixed by plaintiff's testimony, for a period of six weeks and found that for these two items, together with damage to clothing and other incidentals and shock, pain and suffering resulting from her injuries, plaintiff was entitled to judgment in the amount of $908.

While plaintiff testified that, apparently as a result of the displaced vertebra, she has continued to suffer pain in her back when stooping or bending, her doctor testified that she had never complained about it to him after he pushed the vertebra back in place, although he had been treating her for other symptoms at about two week intervals ever since.

Plaintiff stresses the disfigurement occasioned by a one inch scar over her left eye as an element of damages of some magnitude. The trial court in its opinion describes the scar as being threadlike and apparent only upon close examination.

Plaintiff claims that she is still suffering from a serious condition of nervousness and thyroidism which, up to the time of trial, had caused her to

lose 252 days' work. By the testimony of her doctor she attempts to show that the accident and her physical injuries produced shock, which, in turn, set off a thyroid condition with resultant nervousness and attendant disability and loss of earnings. The trial court found that the testimony fails to establish a causal connection between her accidental injuries and her thyroid condition. Concerning this, the plaintiff's doctor testified as follows:

"*Q.* Would you say that the nervous condition of this patient is due to a glandular disturbance, and not as a result of the accident?

"*A.* It is due to a glandular disturbance. Whether it was there before the accident, I don't know. I never saw the patient. * * *

"*Q.* Well, is it possible, doctor, that this thyroid condition or glandular disturbance would have occurred regardless of whether she had an accident?

"*A.* That I couldn't say. * * *

"*Q.* You don't say that this accident caused this thyroid condition or nervousness?

"*A.* That, I don't know."

Applicable here is the following language from the case of *Schiesel* v. *Bluesavage,* 314 Mich. 415, 417:

"The controlling question presented is that the judgment is against the great weight and preponderance of the evidence.

"We have repeatedly stated that we do not reverse a judgment entered upon the determination reached by a trial judge sitting without a jury unless the evidence clearly preponderates in the opposite direction."

Affirmed, with costs in this Court to defendant.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, REID, and NORTH, JJ., concurred.